IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-01664-WYD-MEH

VENICE PI, LLC,

    Plaintiff,

v.

JOHN DOES 1–25,

    Defendants.

---

## MINUTE ORDER

---

**Entered by Michael E. Hegarty, United States Magistrate Judge, on July 25, 2017**.

    The Motion to Dismiss and/or Sever Complaint against John Doe #5 and Quash Subpoena Against Same [filed July 20, 2017; ECF No. 12] is **denied without prejudice** for the following reasons.

    First, John Doe #5 has failed to comply with Fed. R. Civ. P. 11(a), which states in pertinent part,

> Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented. The paper must state the signer's address, email address, and telephone number.

From the content of the present motion, the Court infers that John Doe #5 seeks to proceed in this litigation anonymously. However, he has failed to properly seek permission from the Court to do so.[1] *See K-Beech, Inc. v. Does 1-29*, 826 F. Supp. 2d 903, 905 (W.D.N.C. 2011) (noting that a party who wishes to proceed anonymously may overcome the presumption against anonymous proceedings by filing a well-reasoned motion to proceed anonymously); *see also West Coast Prods., Inc. v. Does 1-5829*, 275 F.R.D. 9, 12 (D.D.C. 2011) ("federal courts generally allow parties to proceed anonymously only under certain special circumstances when anonymity is necessary to protect a person from harassment, injury, ridicule or personal embarrassment").

---

[1] Although John Doe #5 requests that he "be allowed to make this motion anonymously without revealing [his] personally identifying information," such unsupported statement fails to comply with D.C. Colo. LCivR 7.1(d) ("a motion ... shall be supported by a recitation of legal authority in the motion") and the law cited herein.

Therefore, if John Doe #5 wishes to re-file his motion in accordance with this order and all applicable local and federal court rules, he may do so **on or before August 8, 2017** and must first (or contemporaneously) file a motion to proceed anonymously in accordance with Rule 11(a). With such filing, John Doe must provide to the Court his name, address, telephone number and email address in the form of a *separate* written "Supplement" to the motion.[2]  If John Doe #5 wishes to keep this Supplement (containing his identifying information) confidential, he may file a motion to restrict the Supplement from access by the Plaintiff and the public pursuant to the procedure set forth in D.C. Colo. LCivR 7.2. The Court may strike any motion or other filing that deviates from the requirements of this order or from those set forth in the applicable local or federal rules.

In addition, the motion seeks various forms of relief, some dispositive and some non-dispositive. In the interest of judicial efficiency, the Court will order that any motion re-filed by John Doe #5 assert the dispositive (request to dismiss) and non-dispositive (request to quash subpoena) matters separately.

Finally, the Court notes that John Doe #5 failed to file with his motion a copy of the challenged subpoena. Therefore, if John Doe #5 chooses to re-file his motion to quash, he is instructed to file a copy of the challenged subpoena with the motion.

---

[2] In addition to compliance with Rule 11, the Court also notes the necessity of having such information for the proper and efficient management of its docket.